IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NORFOLK SOUTHERN RAILWAY )
COMPANY and WHEELING & LAKE )
ERIE RAILWAY COMPANY, )
                                )
        Plaintiffs,             )
                                )
    v.                          )    Civil Action No. 11-1588
                                )
PITTSBURGH & WEST VIRGINIA      )
RAILROAD and POWER REIT,        )
                                )
        Defendants.             )

MEMORANDUM

Gary L. Lancaster,                          April 19, 2012
Chief Judge.

    This is a declaratory judgment action. Plaintiffs, Norfolk Southern Railway Company and Wheeling & Lake Erie Railway Company, a lessee and sublessee, respectively, are seeking a declaration of their rights under a lease (the "Lease"). Defendant Pittsburgh & West Virginia Railroad (P&WV), the lessor, has filed an answer and a counterclaim for declaratory judgment, seeking a declaration consistent with its understanding of the Lease.

    Defendant Power REIT, P&WV's parent entity, has filed a Motion to Dismiss [Doc. No. 17]. Power REIT argues that plaintiffs have failed to state a claim against it because it is

a separate legal entity from P&WV, which is a party to the Lease, and because Power REIT is not a successor in interest to P&WV. Plaintiffs respond that they are not pursuing an action by which Power REIT would be found liable for the actions of P&WV, but rather declaratory relief as to the rights and obligations of the parties under the Lease, which is Power REIT's sole asset. Plaintiffs also argue that Power REIT is a necessary party under Fed. R. Civ. P. 19(a)(1).

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, plaintiff must allege sufficient facts that, if accepted as true, state "'a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570)). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant may be liable for the misconduct alleged. Iqbal, 129

2

S.Ct. at 1949. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555)); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555. We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 550 U.S. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. In short, the motion to dismiss should not be granted if plaintiff alleges facts which could, if established at trial, entitle him to relief. Id. at 563 n.8.

It is on this standard that the court has reviewed Power REIT's motion to dismiss. Based on the pleadings of record, the arguments of counsel, and the briefs filed in support and opposition thereto, the court is not persuaded that plaintiffs have failed to state a plausible claim for

3

declaratory relief as to Power REIT. Indeed, accepting as true plaintiffs' allegation, as we must at this stage, that defendants are demanding payment under the Lease to reimburse Power REIT for dividend payments to its shareholders, it is plausible that the declaratory judgment plaintiff seeks applies to defendant Power REIT. [See Doc. 1 ¶ 68.] The allegation that Power REIT's tax obligations are driving P&WV's demands for payment under the Lease may plausibly form the basis for an argument that the defendants failed to observe corporate formalities. See Eastern Minerals & Chems. Co. v. Mahan, 225 F.3d 330, 333 n.7 (3d Cir. 2000). The allegations directly tying Power REIT to the Lease also demonstrate that their inclusion in this action may be necessary to avoid injustice, and to afford full equitable relief. See Wheeling-Pittsburgh Steel Corp. v. Intersteel, Inc., 758 F. Supp. 1054, 1059 (W.D.Pa. 1990) (relying on Pennsylvania state law on piercing corporate veil).

Therefore, the court will deny Power REIT's partial motion to dismiss. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NORFOLK SOUTHERN RAILWAY )
COMPANY and WHEELING & LAKE )
ERIE RAILWAY COMPANY, )
 )
       Plaintiffs, )
 )
   v. ) Civil Action No. 11-1588
 )
PITTSBURGH & WEST VIRGINIA )
RAILROAD and POWER REIT, )
 )
       Defendants. )

<u>ORDER</u>

AND NOW, this 19th day of April, 2012, IT IS HEREBY ORDERED that defendant Power REIT's motion to dismiss [Doc. No. 17] is DENIED, without prejudice.

BY THE COURT:

_____, C.J.

cc:  All Counsel of Record