IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NORFOLK SOUTHERN RAILWAY         )
COMPANY and WHEELING & LAKE      )
ERIE RAILWAY COMPANY,            )
                                 )
        Plaintiffs,              )
                                 )
    v.                           )   Civil Action No. 11-1588
                                 )
PITTSBURGH & WEST VIRGINIA       )
RAILROAD and POWER REIT,         )
                                 )
        Defendants.              )

MEMORANDUM

Gary L. Lancaster,                              November 30, 2012
Chief Judge.

This is a declaratory judgment action. Plaintiffs, Norfolk Southern Railway Company and Wheeling & Lake Erie Railway Company (collectively "Norfolk"), a lessee and sublessee, respectively, are seeking a declaration of their rights under a lease (the "Lease"). Defendant Pittsburgh & West Virginia Railroad (P&WV), the lessor, has filed an answer and several counterclaims for declaratory judgment, each seeking a declaration consistent with its understanding of the Lease.

Norfolk has filed a motion to dismiss P&WV's counterclaims, [Doc. No. 50], arguing that Power REIT, P&WV's parent company, is a necessary party. Power REIT argues that it is not a party to the Lease and maintains that it is a separate

legal entity.  Both arguments are similar to those Power REIT made previously in connection with its motion to dismiss, which this court denied in an order dated April 19, 2012, [Doc. No. 48] [hereinafter "April 19 Order"].  Alternatively, Power REIT argues that joinder is a more appropriate remedy than dismissal of the counterclaims.

Rule 19 of the Federal Rules of Civil Procedure provides, in pertinent part:

> (a) A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties . . . . If the person has not been so joined, the court shall order that the person be made a party.
>
> . . .
>
> (b) If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.

FED.R.CIV.P. 19.

However, as one treatise suggests:

> [A] failure to join a party under Rule 19 is not really a jurisdictional matter inasmuch as the court does have subject matter jurisdiction over the action before it; what is involved is a

2

> question of whether the court should decline to adjudicate the dispute because certain [parties] are absent.

7 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 1601, at 18 (3d ed. 2001).

The structure of Rule 19 creates a two part analysis. See Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007); Field v. Volkswagenwerk AG, 626 F.2d 293, 299-300 (3d Cir. 1980); see also 7 WRIGHT, ET AL., supra § 1604, at 39-40. When a compulsory joinder claim is raised, a court must first determine whether the absent party meets the requirements of Rule 19(a). See Gen. Refractories, 500 F.3d at 312. Where joinder of an absent party is called for under Rule 19(a), and the party's joinder is feasible, the court must order the party joined. See Field, 626 F.2d at 299-300. However, in some cases, that party may not be joined for jurisdictional or procedural reasons. See id. Only then must the court conduct the second part of the analysis and assess whether that absent party is indispensable under subsection (b). See id. Although the considerations described by sections (a) and (b) in Rule 19 seem to overlap, the inquiries are not the same. Rather,

> Rule 19(a) reflects an affirmative policy of bringing all interested persons before the court, whereas the object of Rule 19(b) is to determine whether it is possible to go forward with an action despite the nonjoinder of

3

>someone whose presence is desirable but not feasible.

7 Wright, et al., supra § 1604, at 60.

Here, Power REIT is already a party to the action and there is no issue as to the feasibility of joinder. Therefore, a Rule 19(b) analysis is unnecessary, and the only question is whether Power REIT is a necessary party to P&WV's counterclaims.

In our April 19 Order, we found that the allegations in Norfolk's complaint set forth a plausible claim against Power REIT. Norfolk adequately alleges that both defendants were motivated to demand rent payments under the Lease not to benefit P&WV, but solely to pay dividends to Power REIT's shareholders. To that end, Norfolk seeks declaratory judgment it is not in default under the lease for failure to make the demanded payments. P&WV's counterclaims ask the court to declare Norfolk in default of the lease for failing to make those same demanded payments. The counterclaims are therefore derived from precisely the same facts as Norfolk's claims. Norfolk's well-pled allegations that the defendants did not observe corporate formalities, and thus that piercing of the corporate veil may be appropriate, are as applicable to P&WV's counterclaims as to Norfolk's own claims. See Eastern Minerals & Chems. Co. v. Mahan, 225 F.3d 330, 333 n.7 (3d Cir. 2000) (stating Pennsylvania standard for piercing of corporate veil).

4

For the same reasons stated in the court's April 19 Order regarding the need to keep Power REIT as a party to Norfolk's complaint, the presence of Power REIT to P&WV's counterclaim is necessary to accord complete relief among the parties. For this reason, the court will order joinder of Power REIT to each of P&WV's counterclaims. Accordingly, Norfolk's motion to dismiss the counterclaim will be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NORFOLK SOUTHERN RAILWAY )
COMPANY and WHEELING & LAKE )
ERIE RAILWAY COMPANY, )
 )
       Plaintiffs, )
 )
    v. ) Civil Action No. 11-1588
 )
PITTSBURGH & WEST VIRGINIA )
RAILROAD and POWER REIT, )
 )
       Defendants. )

ORDER

AND NOW, this 30th day of November, 2012, IT IS HEREBY ORDERED that plaintiffs' motion to dismiss defendants' counterclaim and supplemental counterclaim [Doc. No. 50] is DENIED. Defendant P&WV is ordered to JOIN defendant Power REIT to its counterclaim and supplemental counterclaim.

BY THE COURT:

_____, C.J.

cc: All Counsel of Record