IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY and WHEELING & LAKE ERIE RAILWAY COMPANY, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| PITTSBURGH & WEST VIRGINIA RAILROAD and POWER REIT, | ) ) ) ) |
| Defendants. | ) |

Civil Action No. 2:11-cv-01588-GLL

ELECTRONICALLY FILED

## ORDER

AND NOW, this __7__ day of February 2013, IT IS HEREBY ORDERED that the motion of Defendants Pittsburgh & West Virginia Railroad and Power REIT to compel Norfolk Southern Railway Company's compliance with the Rule 30(b)(6) deposition notice served on January 4, 2013 is GRANTED.

IT IS FURTHER ORDERED that by ___March 7___, 2013, Norfolk Southern is to designate and make available for deposition one (1) representative, for no more than six (6) hours, in accordance with Rule 30(b)(6), to provide testimony on the factual basis for the following of Norfolk Southern's affirmative defenses alleged in its Answer and Affirmative Defenses to Amended Counterclaims of Defendants Pittsburgh & West Virginia Railroad and Power REIT [ECF Doc. No. 72] and its Answer and Affirmative Defenses to Supplement to Counterclaims of Defendant Pittsburgh & West Virginia Railroad [ECF Doc. No. 73]:

- The Counterclaims are "based upon a position that is inconsistent with the intentions of the parties at the time they entered the Lease."

1

- The Counterclaims are "based upon a position that is inconsistent with the course of performance of the parties under the Lease."
- The Counterclaims are "barred by the doctrine of estoppel."
- The Counterclaims are "barred by the doctrine of waiver."
- The Counterclaims are "barred by the doctrine of laches."
- The Counterclaims are "barred by the doctrine of unclean hands."
- Defendants have "failed to mitigate their damages."

_____, C.J.
Gary L. Lancaster,
Chief United States District Judge