IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY AND WHEELING & LAKE ERIE RAILWAY COMPANYm<br><br>Plaintiffs,<br><br>vs.<br><br>PITTSBURGH & WEST VIRGINIA RAILROAD AND POWER REIT,<br><br>Defendants. | 2:11-cv-1588 |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is a MOTION FOR PROTECTIVE ORDER SHIFTING THE COSTS OF ADDITIONAL DISCOVERY TO THE PLAINTIFFS and a MOTION FOR SANCTIONS (ECF No. 124) filed by Defendant Pittsburgh & West Virginia Railroad Company ("PWV") with a brief (ECF No. 125) and the Declaration of David H. Lesser (ECF No. 126) in support. Plaintiffs Norfolk Southern Railway Company ("Norfolk Southern") and Wheeling & Lake Erie Railway Company ("WLE") filed a brief in opposition (ECF No. 124); PWV filed a reply brief (ECF No. 145) and the Declaration of Edward P. Gilbert, Esq. (ECF No. 146) in further support. The Court heard oral argument from counsel on December 13, 2013. Accordingly, the motions are ripe for disposition.

**I.     Background**

The parties, counsel, and the Court are familiar with the background of this case and, therefore, the Court will not recite the underlying facts or procedural history at any length again. The following is a brief recitation of the issues presently before the Court.

PWV seeks a protective order shifting the costs of additional discovery onto Plaintiffs and moves for sanctions to be imposed. PWV argues that such discovery is now necessary due to the delayed production of 23,000 pages of documents in April 2013 and that the costs of discovery would unduly burden it due to the disparity in the relative resources of the parties. Likewise, PWV requests that the Court sanction Plaintiffs for their alleged failure to produce all relevant documents in response to repeated discovery demands and award costs and fees associated with filing this motion as well as the May 2013 motion for leave to file a second supplement to counterclaims.[1] As part of its motion for sanctions, PWV again raises the reimbursement provision under Section 4 of the Lease and highlights that Plaintiffs have yet to provide a full accounting of the proceeds received from the demised property despite a May 8, 2013 representation that they would "endeavor to create an accounting."

Plaintiffs argue that PWV's motion is an underhanded attempt to force them to fund its pursuit of the newly added counterclaims, maintaining that "[its] protestations of ignorance are unfounded and contradicted not only by the plain language of the Lease but also by the very documents produced by Defendants in this litigation." (ECF No. 140 at 4). Plaintiffs similarly contest the accusation that they failed to comply with opposing counsels' discovery requests and note that Defendants never filed a motion to compel in this case.

## II. Discussion

The Court has considered the various arguments of the parties and their extensive filings in support. The Court will address the two motions seriatim.

---

1. At oral argument, counsel for Defendants represented that the relief he seeks is only prospective in nature. Defendants' counsel projected that the additional discovery on the Second Supplement to Counterclaims were depositions of Rule 30(b)(6) designees; Opposing counsel forecasted that Plaintiffs would likely redepose the present and former officers, consultants, advisors and trustees of Defendant(s) in pursuit of their position regarding course of performance. In the Supplemental Rule 26(f) filed on October 9, 2013, the parties dispute the time within which they could accomplish this additional fact discovery: Plaintiffs proposed July 10, 2014 and Defendants proposed November 7, 2013. After discussing the matter with the parties, the Court decided to postpone a supplemental Rule 16 conference until after it rules on the pending motions.

### A. Motion for Protective Order

Rule 26 of the Federal Rules of Civil Procedure provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). *See also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). The party seeking a protective order bears the burden of proof to establish good cause, which requires more than mere allegations of unspecified, theoretical or generalized harm. *See Kuhns v. City of Allentown*, 264 F.R.D. 223, 228 (E.D. Pa. 2010) (citing Fed. R. Civ. P. 26(c); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

This Rule sets forth a wide range of protective measures, such as limiting the scope of a disclosure, prescribing different discovery methods, designating who may be present while the discovery is conducted, sealing a deposition, or prohibiting disclosure altogether. Fed. R. Civ. P. 26(c)(1)(A)-(H). However, this list is non-exhaustive. *See* 8A THE LATE CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2036 (3d ed. 2010) ("It is impossible to set out in a rule all of the circumstances that may require limitations on discovery or the kinds of limitations that may be needed."). The federal rules instead permit the district court to decide what restrictions may be necessary in a particular case. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). "To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Id.*

Among the non-explicit measures, Rule 26(c) empowers district courts to shift pretrial discovery costs either fully or partly. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978). As the Supreme Court has stated, "[u]nder th[e] [discovery] rules, the presumption is that the responding party must bear the expense of complying with discovery requests, but [it]

may invoke the district court's discretion under Rule 26(c) to grant orders protecting him from 'undue burden or expense' in doing so, including orders conditioning discovery on the requesting party's payment of the costs of discovery." *Id.* The exercise of this discretion is often guided by the proportionality test under Rule 26(b). *See* 8 THE LATE CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2008.1 n.26 (3d ed. 2010) ("[W]hen a request violates the proportionality test, the court may condition discovery on the requesting party's payment of the costs of the discovery.") (citing *Hagemeyer North America, Inc. v. Gateway Data Sciences Corp.*, 222 F.R.D. 594 (E.D. Wis. 2004)). Those considerations include "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

Bearing these standards in mind, the Court finds and rules that a protective order shifting the costs of discovery is not appropriate at this time. Of those considerations under the proportionality standard, many factors weigh against granting the relief sought. Moreover, the expense of the proposed discovery can hardly be considered where, as here, there is nothing in the record beyond mere speculation as to the potential costs that PWV may incur. *See* ECF No. 125 at 23 ("[T]he costs of the additional discovery sought by Plaintiffs will be very expensive."). The one factor that arguably could weigh in favor of PWV at face value, *i.e.* the disparity in the parties' resources, involves issues that are the subject of a pending motion for summary judgment and a motion to join Power REIT as a necessary party to the second supplement for counterclaims. Both parties in fact assume that their respective position regarding vicarious

4

liability is correct—a step too far removed from what the Court will consider while those motions remain pending.[2] Thus, as good cause has not been shown, the motion will be denied.

### B. Motion for Sanctions

Much like its counterpart, Rule 37 of the Federal Rules of Civil Procedure also vests the district court with broad discretion to impose any of the listed sanctions or any other sanction it deems appropriate. *See* Fed. R. Civ. P. 37(a)-)(d). The sanctions listed in Rule 37(b) become available if a party or deponent disobeys a court order regarding discovery, although there are exceptions to the order prerequisite. *See* STEVEN BAICKER-MCKEE ET AL., FEDERAL CIVIL RULES HANDBOOK 918 (2012) (citing *Monsanto Co. v. Ralph*, 382 F.3d 1374, 1382 (Fed. Cir. 2004)); *see also* Burgess v. Town of Wallingford, 3:11-CV-1129 CSH, 2012 WL 4344194, at *4 (D. Conn. Sept. 21, 2012) ("Whether considered under Rule 37 of the Federal Rules of Civil Procedure for failure to comply with a discovery order or under the Court's inherent power to control litigation, sanctions are a drastic penalty reserved in general for culpable conduct, such as willful and conscious disregard of a court order."); Fed. R. Civ. P. 37(c) (allowing sanctions when a party fails to make Rule 26(a) disclosures, to admit what is requested under Rule 36, and/or to supplement a prior discovery response as required by Rule 26(e)).

Unlike subdivision (b) of Rule 37, subdivision (d) does not require the court to have issued an order compelling discovery prior to imposing sanctions. *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 302 (3d Cir. 2000). Rather, Rule 37(d) permits sanctions against a party who altogether fails to respond or appears completely unprepared. *See id.*

The Court finds and rules that sanctions are not appropriate under either the Federal Rules of Civil Procedure or this Court's inherent authority to control litigation. First, the

---

2. PWV's request for reimbursement under Section 4 at this time is also an impermissible attempt for accelerated payment under the Lease.

prerequisites of Rule 37(b) and 37(c) have not been met, and the applicability of Rule 37(d) is questionable at best. Sanctions should not, therefore, be imposed on that basis alone. Second, the Court will not impose sanctions per its inherent power. Throughout this litigation, the parties have been steadfast that their respective interpretation(s) of the Lease should control and govern their conduct. Discovery was no different. The Court cannot conclude that either party abused the process and will not otherwise impose this drastic sanction to punish any party for its obstinateness during that time. Accordingly, the motion for sanctions will be denied.

### III. Conclusion

For the reasons hereinabove stated, the Court will deny the motions. An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NORFOLK SOUTHERN RAILWAY COMPANY AND WHEELING & LAKE ERIE RAILWAY COMPANYm** | ) ) ) ) ) 2:11-cv-1588 |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| **PITTSBURGH & WEST VIRGINIA RAILROAD AND POWER REIT**, | ) ) ) ) |
| Defendants. | ) ) ) |

## ORDER OF COURT

AND NOW, this 17th day of December 2013, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the MOTION FOR PROTECTIVE ORDER SHIFTING THE COSTS OF ADDITIONAL DISCOVERY TO THE PLAINTIFFS and the MOTION FOR SANCTIONS (ECF No. 124) are **DENIED**.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:     **Samuel W. Braver**
        samuel.braver@bipc.com
        **Kathleen J. Goldman**
        Email: kathleen.goldman@bipc.com
        **Stanley Parker**
        Email: stanley.parker@bipc.com
        **Bradley J. Kitlowski**
        Email: bradley.kitlowski@bipc.com
        **Renee M. Schwerdt**
        Email: renee.schwerdt@bipc.com

        **Edward P. Gilbert**
        Email: egilbert@morrisoncohen.com
        **Brett D. Dockwell**
        Email: bdockwell@morrisoncohen.com
        **Patricia L. Dodge**
        Email: pld@muslaw.com
        **Nicholas J. Bell**
        Email: njb@muslaw.com

        (via CM/ECF)