**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY and WHEELING & LAKE ERIE RAILWAY COMPANY, | )<br>)<br>)<br>) |
| Plaintiffs, | ) 2:11-cv-1588-TFM<br>)<br>) |
| vs. | )<br>)<br>) |
| PITTSBURGH & WEST VIRGINIA RAILROAD and POWER REIT, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pending before the Court is a MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE AT TRIAL REGARDING PLAINTIFFS' NEW CLAIMS FOR DAMAGES (ECF No. 236) filed by Defendants Pittsburgh & West Virginia Railroad ("PWV") and Power REIT, with a brief in support (ECF No. 237). Plaintiffs Norfolk Southern Railway Company ("Norfolk Southern") and Wheeling & Lake Erie Railway Company ("Wheeling & Lake Erie") have filed a brief in opposition (ECF No. 241). Accordingly, the motion is ripe for disposition.

The parties, counsel, and the Court are familiar with the background of this case and, therefore, the Court will not recite the facts at length. The following is a brief recitation of those matters relevant to the issues presently before the Court.

In anticipation of trial, Plaintiffs filed a Pre-trial Statement on June 24, 2015, in which they set forth a brief explanation and calculation of their alleged damages. As Plaintiffs state:

> The damages which Plaintiffs seek include compensation for the delays in payment of the proceeds of the West End Branch sale and royalty payments under oil and gas leases for portions of the Demised Property. Plaintiffs propose an award of interest at the six percent legal rate as the appropriate measure of the damages caused by the delays in payment. Plaintiffs also propose that the interest be compounded annually to fully compensate them for such damages.

(ECF No. 235 at 8). Plaintiffs further itemize that they seek $137,730.06 for the loss of use of proceeds related to the West End Branch sale and $2,732.00 for the loss of use of royalty payments from Chesapeake Appalachia, LLC and Southwestern Energy Company. At least four witnesses in Plaintiffs' Pre-trial Statement appear to be related to this aspect of their damages claim(s): Colleen Burns (PennDOT, Engineering District 11-00); an unnamed representative of Chesapeake Appalachia, LLC; Larry Skrzysowski (Chesapeake Energy); and an unnamed representative of Southwestern Energy Company.

Defendants now seek to exclude from trial all evidence regarding that which Defendants refers to as Plaintiffs' so-called "new claims for damages." In support, Defendants argue that "[c]laims related to [their] 'interference' with the payment of proceeds regarding the West End Branch and Royalty payments, and damages allegedly associated with such interference, have neither been pleaded nor disclosed as part of discovery in this case." Defs.' Mot. at 2, ECF No. 236. Defendants also argue, in the alternative, that such evidence should "be excluded at trial because there is no causal nexus between Plaintiffs' breach of contract or fraud causes of action and their claimed injuries." *Id.* at 4-5.

For their part, Plaintiffs dispute that they advance a "new" theory and describe their Pre-trial Statement as an "arithmetical account of damages based on and consistent with earlier-pled claims." Defs.' Br. at 1, ECF No. 241. Plaintiffs also contend that this dispute is a factual issue that must be decided after the Court hears the testimony and evidence at trial.

As an initial matter, the Court does not agree with Defendants that Plaintiffs' calculation of damages constitutes a new theory of liability. The Second Supplement, which sets forth the breach of contract and fraud claims as well as the demand for compensatory damages, includes averments consistent with Plaintiffs' theory that they suffered damages based on the actions

2

Defendant(s) allegedly took as a result of the purported restructuring scheme. *See, e..g*, Second Suppl. to Compl. at ¶¶ 186 ("Plaintiffs will be further damaged to the extent that Defendants are permitted to continue to utilize their new corporate structure to circumvent the restrictions in the Lease and leverage their assets."); ¶ 203 ("As a direct and proximate result of Norfolk Southern's justifiable reliance of Defendants' material misrepresentations and omissions, Plaintiffs have been damaged including the loss of Plaintiffs' contractual and property rights under the Lease Agreement."). At this time, Plaintiffs have simply calculated the projected "loss of [their] contractual and property rights under the Lease" to include damages related to the West End Branch sale and the oil and gas royalties. There is nothing "new" about those claims; the facts underlying the calculations have been known and available to Defendants throughout this litigation. *See* Pls.' Compl., ECF No. 1; Pls.' Suppl. to Compl., ECF No. 34; Pls.' Second Suppl. to Compl., ECF No. 58; Pls.' First Am. Compl., ECF No. 153. And where, as here, calculations of damages have not been disclosed until shortly before trial, courts have denied motions in limine because the underlying facts were previously known or disclosed to the opposing party. *See, e.g.*, *Maharaj v. California Bank & Trust*, 288 F.R.D. 458, 463 (E.D. Cal. 2013) ("Although Plaintiff's disclosures do not provide an analysis of her computation of past or future economic damages, Plaintiff has shown that her failure to disclose that analysis is harmless since the information on which these damages are calculated is already in Defendant's possession."). The Court will follow that approach.

As for Defendants' alternative position, they essentially ask this Court to decide an issue of fact in their favor before trial. *See* Defs.' Br. At 12, ECF No. 237 ("Here, because the West End Branch and Royalty damages do not logically or causally flow from Defendants' purported wrongful conduct, evidence of those damages is not relevant and should not be admitted at

trial."). The Court declines to do so. It will instead permit Plaintiffs to present testimony and evidence regarding their alleged damages related to the West End Branch sale and the oil and gas royalty payments. To be sure, permitting the introduction of this evidence is hardly a determination as to liability or an award of the damages sought.

Accordingly, the Defendants' motion in limine to exclude all evidence at trial regarding Plaintiffs' new claims for damages is **DENIED**.

**SO ORDERED**, this 15th day of July, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: All counsel of Record

(via CM/ECF)