IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY and WHEELING & LAKE ERIE RAILWAY COMPANY, | ) ) ) ) |
| Plaintiffs, | ) 2:11-cv-1588-TFM ) ) |
| vs. | ) ) ) |
| PITTSBURGH & WEST VIRGINIA RAILROAD and POWER REIT, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is a MOTION IN LIMINE TO EXCLUDE AT TRIAL THE PREVIOUSLY UNDISCLOSED WITNESS JONATHAN CHASTEK, filed by Defendants Pittsburgh & West Virginia Railroad ("PWV") and Power REIT with a brief in support (ECF No. 238). Plaintiffs Norfolk Southern Railway Company ("Norfolk Southern") and Wheeling & Lake Erie Railway Company ("Wheeling & Lake Erie") have filed a brief in opposition (ECF No. 242). Accordingly, the motion is ripe for disposition.

**I. Background**

The parties, counsel, and the Court are familiar with the background of this case and, therefore, the Court will not recite the facts at length. The following is a brief recitation of those matters relevant to the issues presently before the Court.

In anticipation of a non-jury trial scheduled to commence on August 3, 2015, Plaintiffs filed a Pre-Trial Statement on June 24, 2015, in which they identify Wheeling & Lake Erie Executive Vice President Jonathan Chastek as a witness that they may call at trial regarding damages. According to Plaintiffs, Chastek will testify about the material benefits (*e.g.*, royalty

payments related to oil and gas rights) to which Wheeling & Lake Erie is entitled under the Lease as sublessee but which it has not been receiving.

Defendants now ask the Court to bar Chastek from testifying at trial, claiming that he was not previously disclosed in discovery. In support, Defendants allege that Plaintiffs did not identify Chastek or the nature of his potential testimony in their initial disclosures, in any supplement thereto, or in response to any other discovery requests. And in failing to have done so, Defendants contend that Plaintiffs violated the requirements of the Federal Rules of Civil Procedure, and therefore, they should be precluded from offering Chastek as a witness at trial.

In response, Plaintiffs cite numerous examples throughout this litigation to call Defendants' allegations regarding Chastek into question: for example, Defendants repeatedly used a new article quoting Chastek as a deposition exhibit, asked witnesses about Chastek, and received documents involving Chastek during discovery. Plaintiffs also insist that Wheeling & Lake Erie intended to designate Chastek as its corporate designee after the Court granted Defendants leave to assert their counterclaims regarding oil and gas rights and reopened the discovery period, but Defendants cancelled the Rule 30(b)(6) deposition while counsel was in the process of meeting with and preparing Chastek for same. Plaintiffs thus maintain that Defendants cannot now cite either surprise or prejudice as a basis for excluding Chastek as a witness at trial.

## II. Legal Standard

Federal Rule of Civil Procedure 26 states, in relevant part, that "a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses,

2

unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26(e) further requires a party to supplement or correct its Rule 26(a) disclosures or a response to an interrogatory, request for production, or request for admission "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Rule 37 sets forth potential sanctions for a party's failure to disclose or supplement as required by Rule 26(a) or (e): "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In addition to or instead of that sanction, a district court "on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1)(A)-(C). "The burden of proving substantial justification or harmlessness lies with the non-producing party." *Frederick v. Hanna*, No. CIV.A.05-514, 2007 WL 853480, at *4 (W.D. Pa. Mar. 16, 2007) (citing *Tolerico v. Home Depot*, 205 F.R.D. 169, 175 (M.D. Pa. 2002)).

At the same time, "[t]he imposition of sanctions for abuse of discovery under [Federal Rule of Civil Procedure] 37 is a matter within the discretion of the trial court." *Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 156 (3d Cir. 1995) (citation omitted); *see also Quinn v. Consol. Freightways Corp. of Delaware*, 283 F.3d 572, 576 (3d Cir. 2002) ("Trial judges are afforded wide discretion in making rulings on the admissibility of evidence.") (citing *Hurley v. Atlantic City Police Dept.*, 174 F.3d 95, 110 (3d Cir. 1999); *Fuentes v. Reilly*, 590 F.2d

3

509, 511 (3d Cir. 1979)); *Brooks v. Price*, 121 F. App'x 961, 965 (3d Cir. 2005) ("Although Rule 37 'is designed to provide a strong inducement for disclosure of Rule 26(a) material,' it still leaves the trial court with discretion to determine if a party provides substantial justification for their delay or if the delay is harmless.") (quoting *Newman*, 60 F.3d at 156). In the exercise of that discretion, a district court is to consider several factors:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation.

*Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000) (citing *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997)); *see also Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 904-05 (3d Cir. 1977), *overruled on other grounds by Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985)). In addition, the court must also consider "the importance of the excluded testimony[,][1] . . . [for] the exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence.'" *McCann v. Miller*, 502 F. App'x 163, 172 (3d Cir. 2012) (quoting *Meyers*, 559 F.3d at 904-05) (alterations in original). "The importance of the evidence is often the most significant factor." *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012) (citing *Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 302 (3d Cir. 1991)).

---

1. On occasion, the United States Court of Appeals for the Third Circuit has described this consideration as the fifth factor in the test. *See Hill v. TD Bank*, NA, 586 F. App'x 874, 879 (3d Cir. 2014). Either way, the Court is mindful that "'the importance of the excluded testimony is one of the factors [that the court of appeals] considers[s] in deciding whether the trial court abused its discretion in excluding a witness.'" *Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 302 (3d Cir. 1991) (quoting (quoting *Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 904 (3d Cir. 1977), *overruled on other grounds by Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985)).

### III. Discussion

Bearing those standards in mind, the Court will deny Defendant's motion in limine to exclude Chastek from testifying at trial. Where, as here, a party fails to list a potential witness in its initial disclosures, courts have not imposed the harsh sanction of excluding his or her testimony at trial so long as the opposing party knows of that witness well in advance of trial. For example, in *Frederick v. Hanna*, (then-Chief) Judge Ambrose explained:

> [A]ny persons or entities, which were identified for the first time in Plaintiffs' Pretrial Statement, or documents produced for the first time in connection with Plaintiffs' Pretrial Statement or the parties' Motions in Limine . . . . In contrast, if the identity of those persons or entities appeared on documents produced during discovery, or were revealed in response to interrogatories, then Plaintiffs' other failures do not justify the 'extreme sanction' of excluding the evidence.

2007 WL 853480, at \*\*4-5. When faced with this issue, other courts have reached similar results. *See Shumek v. McDowell*, No. 3:09-CV-216, 2011 WL 183985, at \*4 (M.D. Pa. Jan. 19, 2011) (permitting the testimony of witnesses who were discussed during discovery but not identified by Defendant as trial witnesses until ten days before the pretrial conference); *see also Archway Ins. Servs. v. James River Ins. Co.*, 507 F. App'x 270, 274 (3d Cir. 2012) (holding that the district court did not abuse its discretion "in admitting [a witnesses'] testimony based on [defendant's] alleged failure to identify [the witness] in its required initial disclosures, its required pretrial disclosures, and its interrogatory responses" because "[it] identified [the] anticipated witness in a pretrial memorandum filed well over thirty days prior to trial"). This Court will follow this approach.

At the first step, Defendants are hard-pressed to claim surprise. As Plaintiffs discuss at length in their brief, Defendants knew of Chastek's identify and position at Wheeling & Lake Erie during the discovery period and could have easily noticed his deposition. But they apparently chose not to do so. Defendants also questioned Wheeling & Lake Erie's then-Rule

5

30(b)(6) designee, Michael Mokodean, its Chairman and CEO, Larry Parsons, and its Director of Real Estate, Taxes and Industrial Development, Clarence Jaeger, about Chastek during their respective depositions and introduced an article quoting Chastek (and identifying his position) as an exhibit in no less than two of those deposition. In addition, Chastek was identified on numerous documents (*i.e.*, various e-mail chains) produced to Defendants by Plaintiffs and third-party Chesapeake throughout the discovery phase of this litigation.

Nor can the Court conclude that "[t]he late disclosure also prejudices Defendants because they will not be able to prepare for the proposed testimony of Plaintiffs' new witness," as they suggest in their motion in limine. It bears repeating once more that any prejudice to Defendants was self-inflicted, so to speak. They knew of Chastek and his position, asked questions about him during depositions, and received discovery that included his e-mails. Yet they failed to act. The Court will not reward Defendants for their inaction. Accordingly, the Court finds that this first factor does not weigh in favor of imposing the harsh sanction of excluding Chastek from testifying at trial. The remaining factors also do not weigh in favor of exclusion.

At the second step—"the ability of the opposing party to cure the prejudice"—is for all intents and purposes beside the point because Defendants have not been prejudiced by Plaintiffs' failure to include Chastek in their initial disclosures. Nevertheless, the Court may consider allowing Defendants to cross-examine Chastek out of order or recall him as a witness during the course of the trial so that they may have sufficient time to prepare if same is requested.

Defendants' argument regarding the third factor—*i.e.*, that waiver of the Rule 37 sanctions would disrupt the efficient trial of this case, as well as the Court's crowded docket—also falls flat. The addition of a single "may call" damages witness in this complex breach of contract and fraud action is hardly a game-changer that would disrupt the orderly and efficient

trial in this case or any other matter(s) before this Court, which has set aside sufficient time to hear the testimony and evidence.

As for the fourth factor, Defendants do not even attempt to argue that Plaintiffs engaged in bad faith or willfulness, perhaps because there is no evidence whatsoever that Plaintiffs attempted to conceal Chastek's identity at any point or engaged in procedural gamesmanship on the eve of trial.

At the final step of the analysis, the importance of the evidence weighs in favor of allowing Plaintiffs to present witness testimony regarding their alleged damages. An aspect of Plaintiffs' theory is that Power REIT's alleged fraudulent scheme resulted in Defendants' demands for oil and gas royalty payments, which Wheeling & Lake Erie purportedly stopped receiving around March 2014 due to Defendants' actions. In turn, Chastek intends to testify as to those oil and gas rights/royalties and all of the material benefits that Wheeling & Lake Erie is entitled to under the Lease, but which it has allegedly not received. At this juncture, this evidence appears to be critical to the attempt by Plaintiffs to prove that they have suffered monetary damages.[2]

Accordingly, the Court finds that Plaintiffs have met their burden in showing harmlessness and that none of the so-called *Pennypack*-factors weigh in favor of excluding Chastek as a witness at trial.

**IV.** **Conclusion**

For the reasons hereinabove stated, the Court will deny Defendants' motion in limine to exclude Jonathan Chastek from testifying at trial. An appropriate Order follows

McVerry, S.J.

---

2. Of course, the Court would disregard Chastek's testimony regarding damages in its entirety if it found that Defendants were not liable.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY and WHEELING & LAKE ERIE RAILWAY COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>PITTSBURGH & WEST VIRGINIA RAILROAD and POWER REIT,<br><br>Defendants. | 2:11-cv-1588-TFM |

## ORDER OF COURT

AND NOW, this 15th day of July, 2015, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the the MOTION IN LIMINE TO EXCLUDE AT TRIAL THE PREVIOUSLY UNDISCLOSED WITNESS JONATHAN CHASTEK filed by Defendants Pittsburgh & West Virginia Railroad and Power REIT is **DENIED**.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: All counsel of Record
(via CM/ECF)