IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY and WHEELING & LAKE ERIE RAILWAY COMPANY, | ) ) ) ) 2:11-cv-1588-TFM |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| PITTSBURGH & WEST VIRGINIA RAILROAD and POWER REIT, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pending before the Court is a MOTION TO CORRECT APRIL 22, 2015 JUDGMENT (ECF No. 261) filed by Defendants Pittsburgh & West Virginia Railroad ("PWV") and Power REIT, with a brief in support (ECF No. 262). Plaintiffs Norfolk Southern Railway Company ("Norfolk Southern") and Wheeling & Lake Erie Railway Company ("Wheeling & Lake Erie") have filed a response in opposition (ECF No. 264). Accordingly, the motion is ripe for disposition.

On April 22, 2015, the Court issued a Memorandum Opinion and Order which disposed of the parties' cross-motions for partial summary judgment. (ECF No. 232). In a separate yet related filing, the Court also entered Judgment in favor of Norfolk Southern and Wheeling & Lake Erie and against PGW and Power REIT on Counts One, Two, Five, Six, Seven and Eight of Plaintiffs' First Amended Complaint and the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Twelfth of Defendants' Counterclaims. (ECF No. 233).

The Judgment included sixteen declarations that the Court derived, in part, from the parties' pleadings. The first of those declarations ("Paragraph One") states as follows: "that

Defendants **are prohibited from declaring Plaintiffs to be in default of the Lease** or otherwise interfering with Plaintiffs' use of the Property." (ECF No. 233 at 1) (emphasis added). In contrast, Count One of Plaintiffs' Complaint sought, in relevant part, a declaration "that the Lease Agreement remains in full effect and that the Defendants **are prohibited from taking active default under the Lease Agreement** or otherwise interfering with Plaintiffs' use of the property." (ECF No. 1 at 18) (emphasis added).

Defendants now seek a so-called correction to the April 22, 2015 Judgment, suggesting that the Court modify Paragraph One to read as follows: "that Defendants are prohibited from declaring Plaintiffs to be in default of the Lease or from otherwise interfering with Plaintiffs' use of the Property **with respect to the specific issues addressed in the Court's Memorandum Opinion dated April 22, 2015.**" (ECF No. 261 at 3) (emphasis added). Defendants contend that this correction is appropriate because Paragraph One "theoretically could be interpreted to prohibit Defendants from declaring a future breach of the Lease on a ground that is unrelated to the matters in dispute and was not addressed or decided as part of the cross motions for partial summary judgment." *Id.* at 2. For instance, in Defendants' view, Paragraph One "could be interpreted to preclude PWV from declaring Norfolk Southern to be in default of the Lease at some time in the future if Norfolk Southern failed to pay rent to PWV as it is required to do under the Lease." *Id.* Defendants also submit that "Paragraph One could be interpreted such that it effectively would strip away rights that PWV continues to possess under the Lease that are unrelated to the matters in dispute in this litigation." *Id.* From their perspective, the Court did not intend to "issue a prospective ruling on a claim that is not yet ripe or to bar PWV from seeking relief to which it is entitled under the Lease regarding issues that were not raised or decided in this action." *Id.*

2

Plaintiffs oppose this motion. In essence, Plaintiffs argue that Defendants seek a substantive change to the Judgment rather than a correction to a clerical mistake, oversight, or omission, which, in their view, the Judgment does not contain.

Federal Rule of Civil Procedure 60(a) provides, in relevant part, that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." As the United States Court of Appeals for the Third Circuit has explained, Rule 60(a) "is limited to the correction of 'clerical mistakes;' it encompasses only errors 'mechanical in nature, apparent on the record, and not involving an error of substantive judgment.'" *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129-30 (3d Cir. 2005) (quoting *Mack Trucks, Inc. v. Int'l Union, UAW*, 856 F.2d 579, 594 n.16 (3d Cir. 1988)). In doing so, our court of appeals has further instructed:

> [T]he relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule. As long as the intentions of the parties are clearly defined and all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed. If, on the other hand, cerebration or research into the law or planetary excursions into facts is required, Rule 60(a) will not be available . . . .

*Id.* at 130 (quoting *In re W. Texas Mktg. Corp.*, 12 F.3d 497, 504-05 (5th Cir. 1994)); *see also In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liab. Litig.*, 200 F. App'x 95, 103-04 (3d Cir. 2006) ("We have approvingly quoted the Fifth Circuit's articulation of the test for Rule 60(a)'s permissible application . . . .") (citations omitted).

The Court finds that the Judgment does not contain a clerical mistake or a mistake arising from oversight or omission that requires correction. To be sure, the April 22, 2015 Judgment (including Paragraph One) relates only to those issues raised in Counts One, Two, Five, Six, Seven and Eight of Plaintiffs' First Amended Complaint and the First, Second, Third, Fourth,

Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Twelfth Counterclaims.  And it was entered in accordance with a seventy-six page Memorandum Opinion and Order of Court which decided the parties' rights, duties, obligations, etc. under the specific sections of the Lease that were in dispute at that time based upon a particular set of facts.  Nowhere does the Court limit or preclude Defendants' right to declare a default under the Lease if, for example, Norfolk Southern fails to pay rent to PWV at some unknown time and for some unspecified reason in the future.  Of course, the Court would not do so.  In other words, the Court will not "correct" the Judgment based upon a hypothetical set of facts that have not (and perhaps will not) occur.  Accordingly, the motion is **DENIED**.

    **SO ORDERED**, this 17th day of November, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc:    All Counsel of Record
       (via CM/ECF)